# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARK STEVEN COOK,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-0752-14-0492-I-1 |
| 　　　v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　Agency. | DATE: August 15, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Mark Steven Cook</u>, Columbus, Ohio, pro se.

<u>Cliff Lockett</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The agency employed the appellant as a Food Inspector.  Initial Appeal File (IAF), Tab 6 at 18.  Effective December 6, 2013, the agency removed the appellant based on the charges of (1) absence without leave; and (2) failure to report for duty as directed.  *Id*. at 18, 20.

¶3        The appellant appealed his removal to the Board.  IAF, Tab 1.  However, in lieu of further adjudication, the parties executed a settlement agreement on March 18, 2014.  IAF, Tab 16 at 4-8.  In pertinent part, the agreement provided that the agency would rescind its removal and pay the appellant a lump sum of $5,000.00, while the appellant would submit a voluntary resignation.  *Id*. at 5.  The settlement agreement provided 7 days for the appellant to rescind.  *Id*. at 7.

¶4        The administrative judge determined that the Board had jurisdiction over the appeal, the parties reached a settlement, the parties understood the terms, the parties entered into the agreement freely, and the settlement was lawful on its face.  IAF, Tab 17, Initial Decision (ID).  Therefore, the judge dismissed the appeal as settled.  ID.

¶5        The appellant did not rescind the settlement within the 7 days provided for in the agreement.  *See* IAF, Tab 16 at 7.  However, a month after he executed the

settlement agreement and the administrative judge dismissed his appeal, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

¶6      A party may challenge the validity of a settlement agreement if he believes that it is unlawful, involuntary, or the result of fraud or mutual mistake. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013). To establish that a settlement was fraudulent as a result of coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that circumstances permitted no other alternative, and that such circumstances were the result of the other party's coercive acts. *Id.* The party challenging the validity of the settlement agreement bears a "heavy burden." *Id.* An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Id.*

¶7      In his petition for review, the appellant alleges that he decided to settle with the agency because he was anxious to begin a new career opportunity, and the $5,000.00 lump sum provided with the settlement was to help facilitate that transition. PFR File, Tab 1 at 3. However, according to the appellant, "student loans took [his] entire settlement." *Id.* The appellant alleges that he would have "held out" and tried to get his "old job back" had he realized that would happen. *Id.* He alleges that his agreement to settle was a "rushed decision" and that he was "left in this situation to struggle for no reason of [his] own." *Id.*

¶8      Although the appellant's petition alleges that he was anxious to settle, it also indicates that the "rushed decision" was of his own accord. *See id.* The appellant has not alleged that the settlement agreement was unlawful, involuntary, or the result of fraud or mutual mistake. Nor has the appellant alleged any error in the administrative judge's dismissal of his appeal as settled. Instead, the appellant's petition reflects a change of heart due to financial difficulties. *Id.* This is not a basis for granting his petition for review or setting aside the settlement agreement. *See Hinton*, 119 M.S.P.R. 129, ¶ 4.

¶9    The appellant's petition for review is denied.  The initial decision to dismiss is affirmed.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.